UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Heriberto Perez-Calderin,                                  Civ. No.: 05-149 JRT/FLN

    Petitioner,

    v.                                                     **REPORT AND RECOMMENDATION**

Hokinka, et al.,

    Respondent.

___

Heriberto Perez-Calderin, *pro se*, for Petitioner.
Mary L. Trippler, Assistant United States Attorney, for Respondent.

___

**THIS MATTER** came before the undersigned United States Magistrate Judge on Mr. Herbierto Perez-Calderin's ("Petitioner") Petition for Federal Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [#1]. The matter has been referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons stated below this Court recommends that Petitioner's request for Habeas Corpus relief be Dismissed as moot.

### I.  FACTUAL BACKGROUND

Petitioner is a citizen of Cuba who arrived in the United States at Key West, Florida, on June 4, 1980, as part of the Mariel Boatlift exodus from Cuba. See Administrative Record, p. 2 [#10]. Petitioner was paroled into the United States pursuant to 8 U.S.C. § 1182(d)(5). See Id. During his time in the United States, Petitioner was arrested and convicted of several crimes. See Id., p. 4, 53, 64. Petitioner's immigration parole was revoked on October 3, 1996. See Id., p. 3, 9. On February 7, 1997, Petitioner was ordered to be excluded and deported from the United States. See Id., p. 48

In early 2001, after completion of his sentences for convictions of sexual battery of a minor, burglary and grand theft, Petitioner was taken into immigration custody. From early 2001, Petitioner was held at USP Terre Haute. See Id., 68. In May 2002, Petitioner was transferred to Federal Correctional Institution ("FCI") in Oxford, Wisconsin, and as of August 2003, Petitioner was a prisoner at the FCI, Waseca, Minnesota, detained by the United States Bureau of Immigration and Customs Enforcement ("BICE"). See Id. Petitioner was denied parole for the final time by the Cuban Parole Review Plan of the United States Department of Homeland Security, Immigration and Customs Enforcement on April 14, 2004.

On January 25, 2005, Petitioner filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging the legality of his confinement. See Petition for Writ of Habeas Corpus [#1]; see also, "Motion for Marie Cuban Boat Lift Detainee for Being Held Illegally In Violation of the United States Constitution" [#4] (treated as memorandum in support of Petition). This Court ordered Respondent to Show Cause Why Writ Should Not Be Granted on January 26, 2005 [#5]. Respondent submitted a response on February 14, 2005, and requested a 30-day continuance to allow BICE to conduct a custody review pursuant to the new procedures set forth in Clark v. Martinez, 125 S.Ct. 716 (2005). The custody review was completed, and on March 14, 2005, Petitioner was released from BICE custody pending his removal from the United States.

## II. DISCUSSION

Mr. Perez-Calderin's Petition is now moot. Under Article III of the Constitution, a federal court may exercise jurisdiction only over a "case or controversy". A habeas corpus petition will become moot once the prisoner is released from custody unless the petitioner can also demonstrate a collateral consequence of the underlying proceeding. See Spencer v. Kemmna, 523 U.S. 1, 7

(1998). Where the habeas petition only challenges the continued detention, there is no actual case or controversy for the court to decide because the petitioner is no longer being detained and any order from the court requiring the BICE to release such a petitioner would not have any effect. See Watson v. Immigration & Naturalization Serv., 271 F. Supp. 2d 838, 840 (E.D. Va 2003); see also Riley v. INS, 310 F.3d 1253, 1257 (10th Cir. 2002) (release moots habeas petition challenge to length of detention pending removal or deportation). Such an opinion would be merely advisory and is not permitted under Article III. See Id.

The only issue in Mr. Perez-Calderin's Petition is his continued detention pending removal. Since filing his Petition, he has been released from custody pending his removal. As such his petition is moot. There is nothing for this Court to remedy even if we were to consider the merits of the Petition. See Watson, 271 F.Supp.2d at 840, citing Spencer, 523 U.S. at 18; see also Riley, 310 F.3d at 1257. As there is no live case or controversy, the Petition should be Dismissed as moot.

### III.  RECOMMENDATION

Based on all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Mr. Perez-Calderin's Petition for Habeas Corpus [#1] be **DISMISSED as moot**.


DATED: August 11, 2005            s/ *Franklin L. Noel*
                                  FRANKLIN L. NOEL
                                  UNITED STATES MAGISTRATE JUDGE


Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **August 30, 2005**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.